# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PASCUAL GUZMAN and HEBER FUENTES individually and on behalf of all other persons similarly situated who were employed by Defendants,<br><br>        Plaintiffs,<br><br>  -against-<br><br>MOISHE MANA, SALMAN RAMI HAIM a/k/a RAMI HAIM, ITZHAK GOLAN HAIM, KEVIN VASQUEZ a/k/a KEVIN IZARA, MIGUEL VASQUEZ a/k/a MIGUEL IZARA, CARLOS VASQUEZ a/k/a CARLOS IZARA, YAFA SHAMOLI, and ARMANDO ASIDO, individually, and MOISHE'S MOVING SYSTEMS, INC., MOISHE'S MOVING SYSTEMS, LLC, and THREE BROTHERS SERVICES INCORPORATED, all d/b/a MOISHE'S MOVING, MOISHE'S MINI STORAGE, MODEL MODEL CONSTRUCTION INCORPORATED, YAHYAH CORPORATION, G I H CARRIERS INC., and/or GUARANTEE RECORDS MANAGEMENT, INC., and any other related or affiliated entities,<br><br>        Defendants. | Civil No.: 17-cv-2551<br><br><br>**CLASS ACTION<br>COMPLAINT**<br><br>**Jury Trial Demanded** |

Named Plaintiffs PASCUAL GUZMAN and HEBER FUENTES (together "Named Plaintiffs") on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), allege upon personal knowledge as to themselves and upon information and belief as to all other matters as follows:

## NATURE OF ACTION

1.  This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, and 216(b), New Jersey State Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a *et seq*., New York Labor Law ("NYLL") § 663, 12 New York Codes, Rules and Regulations ("NYCRR") § 142-2.2, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.10,

*et seq.* to recover unpaid overtime compensation owed to Named Plaintiffs, and all similarly situated persons who are presently or were formerly employed by corporate defendants MOISHE'S MOVING SYSTEMS, INC., MOISHE'S MOVING SYSTEMS, LLC, and THREE BROTHERS SERVICES INCORPORATED, all d/b/a MOISHE'S MOVING, MOISHE'S MINI STORAGE, MODEL MODEL CONSTRUCTION INCORPORATED, YAHYAH CORPORATION, G I H CARRIERS INC., and/or GUARANTEE RECORDS MANAGEMENT, INC., and any other related or affiliated entities (collectively "Moishe's Moving"), and individual defendants, MOISHE MANA, SALMAN RAMI HAIM a/k/a RAMI HAIM, ITZHAK GOLAN HAIM, KEVIN VASQUEZ a/k/a KEVIN IZARA, MIGUEL VASQUEZ a/k/a MIGUEL IZARA, CARLOS VASQUEZ a/k/a CARLOS IZARA, YAFA SHAMOLI, and ARMANDO ASIDO, individually (collectively "Individual Defendants") (hereinafter referred to collectively, together with Moishe's Moving, as "Defendants").

2.      Named Plaintiffs bring this lawsuit against Defendants as a collective action and putative class action on behalf of themselves and all other persons similarly situated—non-exempt laborers—who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b) and as a result of Defendants' violations of the NJWHL, NYLL, and PMWA pursuant to Federal Rule of Civil Procedure 23 *et seq.*

3.      Beginning in approximately 2011 and, upon information and belief, to date, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of forty (40) hours per week without providing overtime compensation as required by applicable federal and state laws.

4.      The Named Plaintiffs have initiated this action for themselves and on behalf of all similarly situated employees to seek earned but unpaid overtime compensation, plus liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION

5.      Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §1331 and 1337.

6.      This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the NJWHL, NYLL and PMWA.

## VENUE

7.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

8.      Named Plaintiff Herber Fuentes is a resident of Jersey City, New Jersey and performed construction and moving services for Defendants.

9.      Named Plaintiff Pascual Guzman is a resident of Jersey City, New Jersey and performed construction and moving services for Defendants.

10.      Upon information and belief, Defendant Moishe's Moving Systems, Inc. is a corporation incorporated under the laws of the State of New Jersey, with its principal location at 215 Coles Street, Jersey City, New Jersey 07310.

11.      Upon information and belief, Defendant Moishe's Moving Systems, LLC is a corporation incorporated under the laws of the State of New York, with its principal location at 450 West 15th Street, New York, New York 10011

12.      Upon information and belief, Defendant Three Brothers Services Incorporated is a corporation incorporated under the laws of the State of New Jersey, with its principal location at

435 Pacific Avenue, Jersey City, NJ 07304

13.     Upon information and belief, Defendant Moishe Mana is a resident of 420 S Hibiscus Drive, Miami Beach, Florida 33139 and is/or at all relevant times was a founder, officer, director, president, principle, vice present, and/or owner of Defendant Moishe's Moving.

14.     Upon information and belief, Defendant Salman Rami Haim is a resident of 303 9th Street, Jersey City, New Jersey 07302 and is/or at all relevant times was a founder, officer, director, president, principle, vice present, and/or owner of Defendant Moishe's Moving.

15.     Upon information and belief, Defendant Yafa Shamoli is a resident of 303 9th Street, Jersey City, New Jersey 07302 and is/or at all relevant times was a founder, officer, director, president, principle, vice present, and/or owner of Defendant Moishe's Moving.

16.     Upon information and belief, Defendant Armando Asido is a resident of 9 Chase Ct, Unit A, Bayonne, New Jersey 07002 and is/or at all relevant times was a founder, officer, director, president, principle, vice present, and/or owner of Defendant Moishe's Moving.

17.     Upon information and belief, Defendant Itzhak Golan Haim is a resident of 888 Newark Ave., Apt. 56, Jersey City, New Jersey 07306 and is/or at all relevant times was a founder, officer, director, president, principle, vice present, and/or owner of Defendant Moishe's Moving.

18.     Upon information and belief, Defendant Kevin Vasquez a/k/a Kevin Izara is a resident of 435 Pacific Ave, Apt. 1, Jersey City, New Jersey 07304 and is/or at all relevant times was a founder, officer, director, president, principle, vice present, and/or owner of Defendant Moishe's Moving.

19.     Upon information and belief, Defendant Miguel Vasquez a/k/a Miguel Izara is a resident of 435 Pacific Ave, Apt. 1, Jersey City, New Jersey 07304 and is/or at all relevant times was a founder, officer, director, president, principle, vice present, and/or owner of Defendant Moishe's Moving.

20.     Upon information and belief, Defendant Carlos Vasquez a/k/a Carlos Izara is a resident of 435 Pacific Ave, Apt. 1, Jersey City, New Jersey 07304 and is/or at all relevant times was a founder, officer, director, president, principle, vice present, and/or owner of Defendant Moishe's Moving.

21.     Upon information and belief, Defendants are engaged in the construction, moving, storage and management business and employed Named Plaintiffs and members of the putative class at all relevant times.

## FLSA COLLECTIVE ACTION AND CLASS ALLEGATIONS

22.     This action is properly maintainable as a collective action pursuant to the FLSA 29 U.S.C. § 216(b) and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

23.     This action is brought on behalf of Named Plaintiffs and a class consisting of similarly situated non-exempt employees who worked for Defendants performing moving, storage, construction, and related services for Defendants, and were not paid overtime compensation pursuant to applicable federal and state laws.

24.     Named Plaintiffs and members of the putative class and collective are all victims of the Defendants' common policy and/or plan to violate the FLSA by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of forty (40) hours in any given week, pursuant to 29 U.S.C. § 207.

25.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of forty (40) employees.

26.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether the Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week

and (2) whether Defendants kept adequate and proper records.

27.     The claims of Named Plaintiffs are typical of the claims of the putative class members. Named Plaintiffs, like all members of the putative class, were subject to Defendants' policies and willful practice of refusing to pay employees overtime compensation. Plaintiffs and putative class members have thus sustained similar injuries as a result of the Defendants' actions.

28.     Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. Named Plaintiffs have retained counsel experienced in complex wage and hour collective and class action litigation.

29.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Named Plaintiffs and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

30.     Upon information and belief, Defendants employed Named Plaintiffs and putative class members to perform moving, storage, and construction work for Defendants' business.

31.     Upon information and belief, Defendants did not pay Named Plaintiffs and putative class members overtime compensation for hours worked in excess of forty (40) per week.

32.     Named Plaintiff Herber Fuentes worked for Defendants from approximately 2011 until October 2016.

33.     Named Plaintiff Fuentes typically worked for Defendants approximately six (6) days per week, from approximately 7:00 a.m. until 7:00 p.m. Named Plaintiff Fuentes was occasionally given approximately fifteen (15) minutes for a lunch break per day beginning in approximately 2015. Named Plaintiff Fuentes worked seven (7) days per week approximately once

per month.

34. Named Plaintiff Fuentes typically performed construction work for Defendants in New Jersey including but not limited to demolition, sheet rocking, framing, and painting.

35. From approximately 2011 until 2013, Plaintiff Herber Fuentes also performed moving work for Defendants in New York, including but not limited to moving furniture, approximately one (1) to two (2) days per week.

36. In approximately 2013, Named Plaintiff Fuentes also performed construction work for Defendants in Florida and Illinois.

37. Named Plaintiff Fuentes was paid his regular rate of pay, which was between approximately $9.00 to $11.00 per hour, for all hours worked, including hours worked in excess of forty (40) hours per week.

38. Named Plaintiff Pascual Guzman worked for Defendants from approximately November of 2012 until November of 2016.

39. Named Plaintiff Guzman typically worked for Defendants approximately six (6) days per week, from approximately 7:00 a.m. until 7:00 p.m. Named Plaintiff Guzman was occasionally given approximately fifteen (15) minutes for a lunch break per day.

40. Named Plaintiff Guzman typically performed construction work for Defendants in New Jersey including but not limited to sheet rocking, demolition, and insulation.

41. In approximately 2013, Named Plaintiff performed construction work for Defendants in Chicago, Illinois.

42. In approximately 2014, Named Plaintiff Guzman performed construction work in Philadelphia, Pennsylvania for approximately one month. When Named Plaintiff Guzman worked in Pennsylvania, he typically worked from approximately 7:00 a.m. until approximately 9:00 p.m. to 10:00 p.m., six (6) days per week.

43. For approximately one year in 2015, Named Plaintiff Guzman performed storage work for Defendants in New York, moving items into storage. When Named Plaintiff Guzman performed storage work, he would typically work from approximately 7:00 a.m. until 5:00 p.m. approximately six (6) days per week.

44. Named Plaintiff Guzman was paid his regular rate of pay, which was between approximately $10.00 to $12.00 per hour, for all hours worked, including hours worked in excess of forty (40) hours per week.

45. Named Plaintiffs regularly worked in excess of forty (40) hours per week.

46. Despite regularly working more than forty (40) hours per week, Defendants did not pay Named Plaintiffs overtime compensation at the rate of one and one half their regular rate of pay for hours worked over forty (40) in a week.

47. Named Plaintiffs were only paid straight time for all hours worked each workweek.

48. Upon information and belief, employees similarly situated to Named Plaintiffs also were not paid overtime compensation at the rate of one and one half their regular rate of pay for hours worked over forty (40) in a week.

49. Upon information and belief, Defendants willfully disregarded and purposefully evaded the recordkeeping requirements of the FLSA and applicable state laws by failing to maintain proper and complete timesheets and payroll records.

50. Upon information and belief, MOISHE'S MOVING SYSTEMS, INC., MOISHE'S MOVING SYSTEMS, LLC, and THREE BROTHERS SERVICES INCORPORATED, all d/b/a MOISHE'S MOVING, MOISHE'S MINI STORAGE, MODEL MODEL CONSTRUCTION INCORPORATED, YAHYAH CORPORATION, G I H CARRIERS INC., and/or GUARANTEE RECORDS MANAGEMENT, INC. are a single and/or joint employer in that they share a common business purpose and ownership, maintain common control, oversight and direction over the

operations of the work performed by Named Plaintiffs, including payroll practices. Upon information and belief, each Defendant has had substantial control of Named Plaintiffs' working conditions and over the unlawful policies and practices alleged herein.

51. Upon information and belief, Individual Defendants, MOISHE MANA, SALMAN RAMI HAIM a/k/a RAMI HAIM, ITZHAK GOLAN HAIM, KEVIN VASQUEZ a/k/a KEVIN IZARA, MIGUEL VASQUEZ a/k/a MIGUEL IZARA, CARLOS VASQUEZ a/k/a CARLOS IZARA, YAFA SHAMOLI, and ARMANDO ASIDO were founders, officers, directors, presidents, principles, vice presents, and/or owners of Defendant Moishe's Moving and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for employees; and (iv) maintained employment records.

52. Upon information and belief, Individual Defendants dominated the day-to-day operating decisions of Moishe's Moving, made major personnel decisions for all Defendant companies, and had complete control of the alleged activities of all Defendant companies that give rise to the claims brought herein.

53. Upon information and belief, Individual Defendants are the supervisors, officers and/or agents of all Moishe's Moving, who acted directly or indirectly in the interest of all Defendant companies, and are or were employers within the meaning of the FLSA, NJWHL, NYLL, and PMWA.

54. Upon information and belief, Individual Defendants, as officers, directors, shareholders, and/or presidents or vice presidents, actively participated in the unlawful method of payment for all employees of Moishe's Moving.

55. Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

56.     Upon information and belief, Defendants engage in interstate commerce, including handling and working with goods or materials that have been moved in or produced for interstate commerce such as construction materials, equipment and tools.

**FIRST CAUSE OF ACTION**
**AGAINST DEFENDANTS –**
**FLSA OVERTIME COMPENSATION**

57.     Named Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs.

58.     Pursuant to the FLSA, 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

59.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

60.     Named Plaintiffs and other members of the putative class are employees within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203.

61.     Defendants are "employer[s]", within the meaning contemplated in the FLSA, 29 U.S.C. § 203.

62.     Defendants failed to pay Named Plaintiffs and other members of the putative class overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty (40) hours in any given week.

63.     Defendants' failure to pay Named Plaintiffs and other members of the putative class

their rightfully owed wages and overtime compensation was willful.

64.     By the foregoing reasons, Defendants are liable to Named Plaintiffs and members of the putative class in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS –
## NEW JERSEY OVERTIME COMPENSATION

65.     Named Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

66.     In violation of NJWHL §§ 34:11-56a *et seq*. Defendants willfully failed to pay Named Plaintiff and putative class members overtime compensation for the hours they worked in excess of forty (40) hours in a week for Defendants.

67.     Upon information and belief, and at all times relevant, Named Plaintiffs and members of the putative class were employees, and Defendants were employers, within the meaning of the NJWHL.

68.     Upon information and belief, Defendants failed to keep, make preserve, maintain, and furnish accurate records of time worked by Named Plaintiffs and putative class members.

69.     As a direct and proximate cause of Defendants' actions, Named Plaintiffs and putative class members suffered damages, including but not limited to past lost earnings.

## THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS –
## NEW YORK OVERTIME COMPENSATION LAW

70.     Named Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs.

71.     12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

72.     New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

73.     At all times relevant, Named Plaintiffs and members of the putative class were employees, and Defendants were employers, within the meaning of the NYLL.

74.     Named Plaintiffs and the members of the putative class worked more than forty hours a week while working for Defendants.

75.     Named Plaintiffs and the members of the putative class did not receive overtime compensation in an amount equal to one and one half times their regular rates of pay for the hours worked after the first forty hours of work in a week.

76.     Consequently, by failing to pay to Named Plaintiffs and the other members of the putative class overtime compensation for work they performed after the first forty hours worked in a week, Defendants violated NYLL § 663 and 12 NYCRR § 142-2.2.

77.     Upon information and belief, Defendants' failure to pay overtime compensation to Named Plaintiffs and the other members of the putative class for work they performed after the first forty hours worked in a week was willful.

78.     By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiff and other members of the putative class in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

### FOURTH CAUSE OF ACTION
### AGAINST DEFENDANTS –
### <u>PENNSYLVANIA OVERTIME COMPENSATION</u>

79.     Named Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

80.     The PMWA, 43 P.S. § 333.104(c), requires that employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked in excess of forty (40) hours per week.

81.     Upon information and belief, Defendants willfully failed to pay Named Plaintiff Guzman and putative class members overtime compensation for the hours they worked in excess of forty (40) hours in a week for Defendants, in violation of the PMWA.

82.     Upon information and belief, and at all times relevant, Named Plaintiffs and members of the putative class were employees, and Defendants were employers, within the meaning of the PMWA.

83.     Upon information and belief, Defendants failed to keep, make preserve, maintain, and furnish accurate records of time worked by Named Plaintiff and putative class members.

84.     As a direct and proximate cause of Defendants' actions, Named Plaintiff and putative class members suffered damages, including but not limited to past lost earnings.


**WHEREFORE**, Plaintiff and the members of the putative class demand judgment:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(2) on their second cause of action, against Defendants in an amount to be determined at trial, plus interest, attorneys' fees and costs;

(3) on their third cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(4) on their fourth cause of action, against Defendants in an amount to be determined at trial, plus interest, attorneys' fees and costs;

(5) whatever other and further relief the Court may deem appropriate.

Dated: New York, New York
April 11, 2017

**VIRGINIA & AMBINDER, LLP**

By: __ s/ Lloyd R. Ambinder __
Lloyd Ambinder, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Tel: 212-943-9080
Fax: 212-943-9082
lcoyle@vandallp.com

*Attorneys for Plaintiffs*