FEB-26-2020 09:07 From: Case 2:17-cv-02551-MF   Document 129   Filed 02/27/20   Page 1 of 4 PageID: 1689   To: 19736453097   Page:2/5

Case 2:17-cv-02551-MF   Document 128-1   Filed 02/25/20   Page 1 of 4 PageID: 1685

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PASCUAL GUZMAN and HEBER FUENTES individually and on behalf of all other persons similarly situated who were employed by Defendants,<br><br>Plaintiffs,<br><br>-against-<br><br>MOISHE MANA, EUGENE LEMAY a/k/a Jin or Gin, SALMAN RAMI HAIM a/k/a RAMI HAIM, KEVIN VASQUEZ a/k/a KEVIN IZARA, MIGUEL VASQUEZ a/k/a MIGUEL IZARA, and CARLOS VASQUEZ a/k/a CARLOS IZARA, individually, and MOISHE'S MOVING SYSTEMS, INC., MOISHE'S MOVING SYSTEMS, LLC, and THREE BROTHERS SERVICES INCORPORATED, and any other related or affiliated entities,<br><br>Defendants. | No.: 17-cv-2551(MF) |

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND CLASS COUNSEL'S APPLICATION FOR FEES AND COSTS

WHEREAS, the Parties have made an application, pursuant to Rule 23(e) Fed. R. Civ. P. and 29 U.S.C. § 216(b), for an order approving settlement in the above-entitled action (the "Lawsuit") of the claims alleged, in accordance with the Settlement Agreement and Release ("Settlement Agreement") which sets forth the terms and conditions for the settlement of the Lawsuit and for dismissal of the Lawsuit against Defendants with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Settlement Agreement, the memorandum of law in support of final approval, the memorandum of law in support of attorneys' fees and service awards, and the Declaration of Lloyd Ambinder, and exhibits attached thereto;

FEB-26-2020 09:07 From:    To:19736453097    Page:3/5
Case 2:17-cv-02551-MF   Document 129   Filed 02/27/20   Page 2 of 4 PageID: 1690
Case 2:17-cv-02551-MF   Document 128-1   Filed 02/25/20   Page 2 of 4 PageID: 1686

WHEREAS, on October 9, 2019, this Court issued an order preliminarily approving the proposed settlement agreement and providing for court approved notice of the settlement to the Rule 23 Class Members and FLSA Members. Based on its preliminary review, this Court found that the settlement was fair, just, reasonable, and in the best interest of the Named Plaintiffs, Opt-in Plaintiffs, and the Class. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court also scheduled a Fairness Hearing to further discuss the terms of the settlement and to provide an opportunity for any objections to be heard.

WHEREAS, Class Counsel has advised that no written objections to the settlement have been received and no class members have opted out of the settlement. Further, no one appeared at the February 21, 2020 Fairness Hearing to voice an objection or otherwise be heard to contest the settlement.

WHEREAS, the Court is satisfied that the proposed settlement meets both procedural and substantive fairness, *for the reasons set forth on the record at the Fairness Hearing*;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Court has jurisdiction over the subject matter of the Lawsuit, and over all parties to the Lawsuit, including all Rule 23 Class Members, FLSA Claimants, and Participating Claimants.

2. For purposes of this Order, all terms not otherwise defined herein shall have the same meanings set forth in the Settlement Agreement.

3. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final certification, for settlement purposes only (and for no other purpose and with no other effect upon this or any other current or future action), of a Rule 23 Class consisting of all

2

FEB-26-2020 09:08 From: Case 2:17-cv-02551-MF  Document 129  Filed 02/27/20  Page 3 of 4 PageID: 1691 To:19736453097 Page:4/5

Case 2:17-cv-02551-MF  Document 128-1  Filed 02/25/20  Page 3 of 4 PageID: 1687

construction workers who performed construction work on projects in New York and New Jersey for any of the Defendants during the Relevant Period defined as April 13, 2011 to March 23, 2017 for work performed in New York, and from December 1, 2014 to March 23, 2017 for work performed in New Jersey as they meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

4. The settlement as set forth in the Settlement Agreement is approved and is, in all respects, fair, reasonable, adequate and in the best interests of the Named Plaintiffs, FLSA Claimants, Participating Claimants, and the Rule 23 Class, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure and the FLSA.

5. All terms and provisions of the Settlement Agreement shall be implemented.

6. Participating Claimants, FLSA Claimants, and Rule 23 Class Members who have not properly and timely exercised their opt-out rights in the Lawsuit are conclusively deemed to have released *with prejudice*, or discharged Defendants from, and are permanently enjoined and barred from asserting, either directly or indirectly, against Defendants, any and all claims referenced in the Settlement Agreement. All such matters are hereby finally concluded, terminated and extinguished.

7. Class Counsel shall be awarded attorneys' fees and costs in the amount of $290,000.00.

8. For services rendered on behalf of the Class, Named Plaintiffs Pascual Guzman and Heber Fuentes shall be awarded the collective sum of $7,000.00. These service awards are in addition to any settlement amounts these Plaintiffs are eligible to receive pursuant

FEB-26-2020 09:08 From: Case 2:17-cv-02551-MF   Document 129   Filed 02/27/20   Page 4 of 4 PageID: 1692  To: 19736453897  Page:5/5

Case 2:17-cv-02551-MF   Document 128-1   Filed 02/25/20   Page 4 of 4 PageID: 1688

to the Settlement Agreement as members of the Rule 23 Class.

9. The settlement claims administrator CPT Group, Inc. is awarded the sum of $13,500 in fees and costs.

10. The Authorized Claimants shall be paid their net allocation settlement amounts after fees and costs of $209,210.47.

11. The Parties are directed to effectuate the Settlement Agreement in accordance with its terms.

12. Without affecting the finality of this Order in any way, this Court hereby retains jurisdiction over consummation and performance of the Agreement.

13. The Clerk of the Court is directed to mark this cased dismissed *with prejudice*.

SO ORDERED THIS 26 DAY OF February 2020.

_____
Hon. Mark Falk, U.S.M.J.